DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

LINA PENG (NYBN 5150032)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7224
    FAX: (415) 436-7027
    Lina.Peng@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 19-CR-674 MMC |
| Plaintiff, | ORDER DETAINING DEFENDANT PRIOR TO TRIAL |
| v. | |
| YAMANI CHAMBERS, | |
| Defendant. | |

On December 10, 2019, an Indictment was filed in the Northern District of California charging the defendant, Yamani Chambers, with one count of violating Title 18, United States Code, Section 922(g)(1) – Felon in Possession of a Firearm and Ammunition. Defendant made his initial appearance and was arraigned on his Indictment in the Northern District of California on December 13, 2019, and the Court held a detention hearing on December 17, 2019, after a full bail study was prepared by Pretrial Services.

At the detention hearing, the defendant was present and represented by Assistant Federal Public Defender Candis Mitchell. A United States Pretrial Services Agency Officer was also present at the hearing. The government moved for detention, and the defendant opposed. The parties submitted proffers and arguments.

[PROPOSED] ORDER DETAINING DEFENDANT PRIOR TO TRIAL
19-CR-674 MMC

Upon consideration of the court file and the parties' proffers at the detention hearing, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. Accordingly, the Court orders the defendant detained pending trial.

This Order supplements the Court's findings at the detention hearing and serves as written findings of fact and statement of reasons as required by Title 18, United States Code, Section 3142(i).

The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, ties to the community, employment, past conduct and criminal history, and record of court appearances; and,

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

See 18 U.S.C. § 3142(g).

After considering all of the facts and proffers presented at the hearing, including the information contained in the Pretrial Services report, the Court finds, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of the community, including because of: (1) the defendant's criminal history, including that the defendant has had five adult felony convictions for grand theft and burglary offenses; (2) the current alleged offense happened while he was on probation, as did at least one of his state offenses; (3) the defendant has two active restraining orders against him; and (4) the inadequacy of a halfway house, a non-secure facility, given the defendant's characteristics and circumstances.

Accordingly, pursuant to 18 U.S.C. § 3142, IT IS HEREBY ORDERED THAT:

(1) Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant be afforded reasonable opportunity for private consultation with his counsel; and,

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

This Order is without prejudice to reconsideration at a later date if circumstances change.

IT IS SO ORDERED.

December 20, 2019

_____
HON. THOMAS S. HIXSON
United States Magistrate Judge